# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

TIM POLLARD,

        Plaintiff,

v.                                                             Case No. 10-CV-752

CITY OF MILWAUKEE DEPARTMENT
OF NEIGHBORHOOD SERVICES,

        Defendant.

_____

## ORDER

On September 1, 2010, the *pro se* plaintiff, Tim Pollard ("Pollard"), filed a complaint against the City of Milwaukee Department of Neighborhood Services. (Docket #1). Specifically, Pollard states in his complaint that a "rental property that" he "use [sic] to own incurred building code violations." *See* Compl. at 5. The complaint goes on to state that Pollard "informed Milwaukee Neighborhood Services" that he was "unable to correct the building code violations" due to an unspecified disability. *Id.* Unsurprisingly, Mr. Pollard's excuse for not correcting his building code violations did not persuade the City of Milwaukee to ignore his failings as a landlord. Mr. Pollard further states that he was "found guilty," "fined" and "paid $1100," all presumably by a municipal or state court. *Id.* The plaintiff, in turn, is suing in this court seeking "return" of the "$1100 that [Mr. Pollard] was forced to pay." *Id.* at 8. Notably, there are abundant problems with Mr. Pollard's complaint, necessitating that the court not allow this case to linger unnecessarily on the court's docket, while expending the court's limited resources. In the final analysis, Mr.

Pollard is attempting to attack a state judgment fining him for failure to repair his rental property. Under the *Rooker-Feldman* doctrine, a federal district court lacks the power to set aside a state court conviction outside of the context of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). Mr. Pollard's request that the court "return" the fine that he was assessed would necessarily have the effect of setting aside his state court conviction, *Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007) (finding that the *Rooker-Feldman* doctrine applied to a request to return a $500 fine), and, accordingly, the court lacks jurisdiction over Mr. Pollard's case. *See generally, Crestview Vill. Apts. L.P. v. United States HUD*, No. 01-CV-6913, 2002 U.S. Dist. LEXIS 26508, at *8-10 (N.D. Ill. Feb. 5, 2002) (applying the *Rooker-Feldman* doctrine to dismiss a suit attempting to litigate fines levied by a state administrative court against the plaintiff as a result of building code violations). More broadly, Mr. Pollard's entire complaint, using the most charitable terms possible, is simply misguided. The purpose of the Americans with Disabilities Act of 1990, presumably the vehicle under which Mr. Pollard initiated his suit, is to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). It is plainly absurd to contend, as Mr. Pollard impliedly does in his complaint, that federal law can shield individuals with disabilities from having to comply with even the most basic regulations promulgated by local governments –

in this instance building codes. To be sure, Mr. Pollard opted to own a rental unit; his disabilities, whatever they may be, do not allow him to abdicate the most basic responsibilities he assumed as a landlord, including ensuring that his rental properties comply with local housing codes.

Accordingly,

**IT IS ORDERED** that the plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge